**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

JAMOR DEMBY,                       :
                                   : Civil Action No. 08-5966 (NLH)
            Petitioner,            :
                                   :
                                   :
       v.                          :     **OPINION**
                                   :
KAREN BALICKI,                     :
                                   :
            Respondent.            :

**APPEARANCES:**

    JAMOR DEMBY, Plaintiff <u>pro se</u>
    #552013
    South Woods State Prison
    215 Burlington Road South
    Bridgeton, New Jersey 08302

    ROBIN A. HAMETT, ASSISTANT PROSECUTOR
    CAMDEN COUNTY PROSECUTOR'S OFFICE
    25 North Fifth Street
    Camden, New Jersey 08102
    Counsel for Respondent

**HILLMAN**, District Judge

THIS MATTER comes before the Court on the motion of respondent to seal materials in accordance with Local Civil Rule 5.3.  (<u>See</u> Docket entry nos. 12 and 13).  Petitioner has not filed a response to the motion.  This motion is being considered on the papers, pursuant to <u>Fed.R.Civ.P.</u> 78.  For the reasons set forth below, Defendant's motion will be granted.

I. BACKGROUND

Petitioner, Jamor Demby, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, on or about December 4, 2008.  By Order entered on May 11, 2010, the Court directed respondent to answer the petition and provide the relevant state court record.  (Docket entry no. 6).  On August 10, 2010, respondent filed an answer to the habeas petition and provided the state court record.  (Docket entry no. 11).  On the same date, respondent filed a motion to seal part of the record, pursuant to L.Civ.R. 5.3.  (Docket entry no. 12).  Namely, respondent seeks to seal the adult presentence investigation report ("PSIR") that was prepared relative to Petitioner's sentence following his conviction at trial.  Respondent states that the PSIR is part of the state court record and was provided to Petitioner through his trial counsel during the state court proceedings in accordance with New Jersey Court Rules.  However, given the confidential nature of the information contained in a PSIR, respondent contends that the documents should be sealed under the provisions of L.Civ.R. 5.3 for purposes of the habeas proceedings.

II. DISCUSSION

In this District, Local Civil Rule 5.3 governs all motions to seal or otherwise restrict public access to both materials filed with the Court and judicial proceedings themselves.  See

Allyn Z. Lite, N.J. Federal Practice Rules, Comment 1 to L.Civ.R. 5.3 (Gann 2009).  Under L.Civ.R. 5.3(c)(2), a party seeking an Order to seal materials or judicial proceedings must describe:

> (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

The Court finds that under the standard enunciated above, there is good cause to seal Petitioner's state PSIR.  First, the PSIR is a material that should be sealed under the rules governing the State of New Jersey, and thus falls within the purview of L.Civ.R. 5.3(a)(3).  Presentence investigation reports are subject to rules of confidentiality.  While N.J.Civ.R. 3:21-2(a) allows the PSIR to be furnished to the defendant and prosecutor, the PSIR should not be made a matter of public record.  State v. DeGeorge, 113 N.J. Super. 542, 544 (App. Div 1971).  See also State v. Boiardo, 82 N.J. 446, 463 n. 14 (1980).  Moreover, presentence investigative reports in federal criminal cases are presumed to be confidential.  See generally Comment 3b to Local Criminal Rule 32.1.

Second, there is a clear interest to protect the confidentiality and privacy concerns of Petitioner that outweighs any public interest in gaining access to the court-filed document (PSIR).  Finally, there does not appear to be any less restrictive alternative to protect disclosure of this

3

confidential material.  Thus, the Court recognizes that sealing the PSIR is necessary to protect Petitioner's privacy interests and there is no less restrictive alternative available than sealing the PSIR at this time.  See <u>Oliver v. N.J. State Parole Bd.</u>, 2007 U.S. Dist. LEXIS 21136 (D.N.J. Mar. 26, 2007)(Hochberg)(granting defendant's motion to seal diagnostic and evaluative assessments of plaintiff prisoner because there was no less restrictive alternative to protect the prisoner's privacy interest).

Therefore, this Court will grant respondent's motion to seal the PSIR.

### III.  <u>CONCLUSION</u>

For the reasons set forth above, respondent's motion to seal Petitioner's state PSIR pursuant to <u>L.Civ.R.</u> 5.3 will be granted.  An appropriate order follows.

                                                          /s/ Noel L. Hillman
                                                    NOEL L. HILLMAN
                                                    United States District Judge

Dated: March 22, 2011

At Camden, New Jersey